UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYAN P. BONHAM<br><br>　　　　Plaintiff,<br>v.<br>BOB BEAR, *et al.*,<br><br>　　　　Defendants. | Case No. 2:17-cv-02460-JCM-VCF<br><br>SCREENING ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 4). The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants and seeks monetary damages for events that took place while he was incarcerated by the NDOC. (ECF No. 1-1 at 1, 15). He sues Bob Bear, Jackie Crawford, James Egnaseo, Leon Hatcher, Donald Denison, Cordelia Dunfield, James Allen, Norman Ziola, Michael Harris, Robert Seiler, Tami Bass, Brian Williams, Sr., Dwayne Neve, Connie Bisbee, Tonya Corda, Adam Endel, Susan Jackson, Eddie Gray, Michael Keller, Maurice Silva, and Howard Skulnek. (*Id.* at 2-7). Plaintiff alleges two counts. (*Id.* at 8-11).

The complaint alleges the following: On February 4, 1999, plaintiff was sentenced in the Eighth Judicial District Court in Clark County, Nevada for one count of battery with intent to commit a crime and one count of attempted sexual assault. (ECF No. 1-1 at 8). His sentences were to be served concurrently for a term of 24-72 months. (*Id.*) Under Nevada law, plaintiff should have been given statutory good time credits, which would have made him eligible to see the parole board sooner. (*Id.*) However, he was not given

3

the 180 days of good time credits that he was entitled to have, thereby delaying the time when he would see the parole board. (*Id.*)

On April 29, 2010, plaintiff was sentenced in the Eighth Judicial District Court in Clark County, Nevada to a term of 28-72 months. (*Id.* at 10.) Plaintiff again alleges that he did not receive the statutory good time credits that he was entitled to under state law. (*Id.*) This again delayed his parole hearing. (*Id.*)

The complaint alleges that this conduct violated plaintiff's Eighth Amendment right against cruel and unusual punishment, his Fifth Amendment and Fourteenth Amendment right to due process, and his Fourteenth Amendment right against breach of contract/plea agreement.[1] (*Id.* at 8, 10). The court construes these allegations as a Fourteenth Amendment due process claim.

A mere error of state law is not a denial of due process. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). Thus, the alleged error in properly applying credits under Nevada law is not sufficient to constitute a denial of due process. *See Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

Furthermore, the alleged delay in the parole hearing also does not state a colorable due process violation. In order to state a due process claim, a plaintiff must adequately

---

[1] Plaintiff does not allege the existence or terms of a plea agreement. Furthermore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007). A claim for breach of a plea agreement is a state law claim for breach of contract and therefore is not cognizable under § 1983. *Tomel v. Ross*, No. CIV.09-00489 SOM-LEK, 2009 WL 3824742, at *6 (D. Haw. Nov. 16, 2009). State law claims generally should be brought in state court. Although this court does not usually have original jurisdiction over state law claims like this one, under certain limited conditions it may choose to exercise supplemental jurisdiction over a plaintiff's state-law claims if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, this court cannot exercise supplemental jurisdiction over any state law claim unless the plaintiff states a cognizable federal claim. *Cf.* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001). Because plaintiff's complaint in the instant case does not state a colorable federal claim, the court will dismiss the state law claim without prejudice and without leave to amend.

4

allege the deprivation of life, liberty, or property. *Brittain v. Hansen*, 451 F.3d 982, 991–92 (9th Cir. 2006). There is no independent constitutional right to parole. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). A state may create a liberty interest in parole, but the mere presence of a parole system in a state does not give rise to a constitutionally protected liberty interest in parole. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010). A state creates a liberty interest in parole only when its statutory parole provisions use mandatory language creating a presumption that parole release will be granted and limits the parole board's discretion. *Allen*, 482 U.S. at 373-81. Nevada's statutory parole scheme generally does not use mandatory language and hence does not create a constitutionally cognizable liberty interest in parole when the parole board is deciding whether to exercise its discretion to grant parole. *Moor*, 603 F.3d at 661-62. Where there is no liberty interest in parole, there is no liberty interest in parole eligibility. *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

Here, although Plaintiff does not allege that he was entitled to parole at an earlier date, he does allege that he was deprived of an earlier parole eligibility date. Plaintiff does not have a liberty interest in an earlier parole date. Because Plaintiff does not adequately allege a liberty interest, he fails to state a colorable due process claim. The Court therefore will dismiss this claim with prejudice, as amendment would be futile.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the clerk of the court shall file the complaint (ECF No. 1-1) and send plaintiff a courtesy copy of the complaint.

IT IS FURTHER ORDERED that the due process claims are dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that, to the extent plaintiff alleges a breach of contract claim, that claim is dismissed without prejudice and without leave to amend.

5

IT IS FURTHER ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

IT IS FURTHER ORDERED that an appeal would not be taken in good faith.

IT IS FURTHER ORDERED that the clerk of the court will enter judgment accordingly.

DATED August 27, 2018.



UNITED STATES DISTRICT JUDGE